OPINION
{¶ 1} Defendant-appellant, Joshua Ketcham, appeals his sentence on a conviction for a fourth-degree felony. We reverse the trial court and remand for resentencing for the reasons outlined below.
 {¶ 2} Appellant was charged with failure to appear after release on his own recognizance after he failed to appear for a hearing prior to his trial on felony nonsupport charges. Appellant pled guilty to the charge of failing to appear and was sentenced to 11 months in prison.
 {¶ 3} Appellant appeals his sentence, presenting two assignments of error. We will address appellant's two assignments together as both assignments concern the trial court's decision to impose a prison sentence.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "The trial court erred to the prejudice of the defendant/appellant in sentencing him to prison instead of to community control."
 {¶ 6} Assignment of Error No. 2:
 {¶ 7} "The trial court erred to the prejudice of the defendant/appellant in sentencing the appellant to more than the minimum term of six months in prison."
 {¶ 8} In the first assignment of error, appellant asserts that the trial court erred in imposing a prison sentence when it failed to find that he was not amenable to community control sanctions and did not make findings in accordance with the seriousness and recidivism factors of R.C. 2929.12.
 {¶ 9} The record indicates that appellant had not previously served a prison term. Based upon the statutory sentencing scheme, the trial court could still elect to impose a prison term for the fourth-degree felony, after it made specific findings. R.C. 2929.11; R.C. 2929.12; R.C. 2929.13(B); R.C. 2929.14(B); R.C. 2929.19(B)(2)(a).
 {¶ 10} The record in this case reveals that the trial court failed to make any finding to the effect that community control for appellant was inconsistent with the purposes and principles of sentencing; further, the trial court failed to make a finding and discuss its reasons supporting its election to impose a prison sentence. See State v.Burgin, Hamilton App. No. C-C-020755, 2003-Ohio-4963, at ¶ 7; R.C.2929.14(B); R.C. 2929.13(B)(1),(2); see, also, State v. Beckman, Butler App. No. CA2003-02-033, 2003-Ohio-5003; State v. Carr (Jan. 31, 2000), Butler App. No. CA99-02-034.
 {¶ 11} Under the second assignment of error, appellant argues that the trial court erred when it failed to make the appropriate findings to impose more than the minimum prison term. According to R.C. 2929.14(A)(4), the prison term for a fourth-degree felony is from six to 18 months. Appellant's 11-month sentence was more than the statutory minimum.
 {¶ 12} A review of the transcript of the sentencing hearing indicates that the trial court failed to make the statutory findings that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protest the public from future crime in regard to the nonminimum sentence R.C. 2929.14(B)(2); State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, paragraph two of syllabus.
 {¶ 13} Accordingly, the trial court erred in sentencing appellant and we sustain appellant's two assignments of error. We find this holding to be consistent with the current state of Ohio law under Comer, which was decided after the trial court imposed sentence.
 {¶ 14} We vacate appellant's sentence and remand this matter to the trial court for resentencing. We note that the trial court ruled that appellant's sentence for failure to appear should run consecutively to his sentences for felony nonsupport. The trial court imposed a consecutive sentence without stating its findings and reasons on the record at the sentencing hearing, contrary to the holding of State v. Comer,
99 Ohio St.3d, paragraph one of syllabus, and should be considered on remand, as well. See R.C. 2929.14(E)(4); R.C. 2929.19(B)(2)(c).
 {¶ 15} Judgment reversed and remanded for proceedings consistent with this opinion.
YOUNG and POWELL, JJ., concur.